IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DAVID DICKERSON**                                                                   **PETITIONER**

v.                                               **CIVIL ACTION NO. 3:21-CV-465-TBM**

**BURL CAIN,** *et al.*                                                     **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

For the reasons provided below, the Court **denies** Petitioner's Motion for Reconsideration [68] of the Court's Memorandum Opinion and Order [66] denying his Motion to Stay and Abey [36] this capital habeas case.

## I. BACKGROUND

The Court detailed this case's background in its previous opinion. *See Dickerson v. Cain*, No. 3:21-CV-465-TBM, 2024 WL 779261, at *1-*6 (S.D. Miss. Feb. 26, 2024). David Dickerson murdered his ex-girlfriend in 2010, and a grand jury indicted him on charges of capital murder, arson, and armed robbery. *Dickerson v. State ("Dickerson I")*, 175 So. 3d 8, 12-13 (Miss. 2015). He was tried, convicted of capital murder, and sentenced to death in July 2012. *Id.* at 13-14. He appealed, and the Mississippi Supreme Court affirmed the conviction and sentence. *Id.* at 35. Dickerson later sought post-conviction relief and simultaneously requested a stay of the post-conviction proceedings, claiming that he was not competent to proceed. *Dickerson v. State ("Dickerson II")*, 291 So. 3d 344, 347 (Miss. 2020). The Mississippi Supreme Court ultimately found that he was competent, and the post-conviction case moved forward. *Id.* at 354. The

Mississippi Supreme Court found that all Dickerson's post-conviction claims were procedurally barred and/or meritless. *Dickerson v. State ("Dickerson III")*, 357 So. 3d 1010, 1028 (Miss. 2021).

Dickerson then initiated this federal habeas proceeding. He eventually filed a Motion to Stay and Abey [36] the case while he exhausted certain claims by asserting them in a successive petition for post-conviction relief in the Mississippi Supreme Court. After receiving the parties' briefing, the Court questioned whether Dickerson had, in fact, exhausted some of these claims, and it ordered the parties to provide supplemental briefing on the subject. They did so, and Dickerson filed a Motion for Leave to File [52] an amended petition to delineate his habeas claims from those asserted in state court. The Court granted the motion, Dickerson filed an Amended Petition for Writ of Habeas Corpus [57], and the parties declined the opportunity to submit additional briefing.

The Court denied the Motion to Stay [36] in a Memorandum Opinion and Order [66] entered on February 26, 2024. *Dickerson*, 2024 WL 779261, at *24. First, the Court found that the claims asserted in Grounds 1, 2, and 4 of Dickerson's Amended Petition had, in fact, already been exhausted or were technically exhausted. *Id.* at *24. The supplemental evidence presented in support of Grounds 1a, 2a, and 4 did not fundamentally alter the nature of the claims and render them unexhausted. *Id.* at *12, *16, *18. Rather, Dickerson bolstered previously asserted claims with more evidence. *Id.* The Court also found that Grounds 1b, 2b, and 4 were technically exhausted because any successive post-conviction petition presented to the Mississippi Supreme Court would be time-barred and barred as a successive petition. *Id.* at *14, *16, *18 (citing MISS. CODE ANN. §§ 99-39-5(2)(b), 99-39-27(9); *Ronk v. State*, --- So. 3d ---, 2024 WL 131639 (Miss. Jan. 11, 2024)).

As for the remaining unexhausted claims (Grounds 5, 6, 13, 15, and 16), the Court found that the alleged ineffective assistance of Dickerson's post-conviction counsel was not good cause for a stay under *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 1440 (2005). *Id.* at *20 (citing *Tong v. Lumpkin*, 90 F.4th 857, 863 (5th Cir. 2024)). The Court also found that the claims were plainly meritless. *Id.* at *21-*24.

Dickerson filed a Motion for Reconsideration [68] of the Court's order, which the Court now addresses.

II.   DISCUSSION

Rule 54(b) governs motions for reconsideration of interlocutory orders. *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). It provides: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Under this rule, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

First, Dickerson argues that the Court's ruling was premature. In *Ronk v. State*, the Mississippi Supreme Court held that the judicially crafted right to effective assistance of counsel in capital post-conviction proceedings could not abrogate Mississippi's legislatively enacted bars to post-conviction relief. 2024 WL 131639, at *4. Dickerson contends that this Court erred in relying on *Ronk* because it is not a final decision, and so there is still a chance that the Mississippi Supreme Court will hear his new claims. This argument is moot because *Ronk* is now final. On

3

August 23, 2024, the Mississippi Supreme Court issued its mandate. *See* Mandate, *Ronk v. State*, No. 2021-DR-269-SCT (Miss. Aug. 23, 2024). "Under Mississippi law, state appellate review becomes final on the date the mandate is issued." *Watts v. Brewer*, 416 F. App'x 425, 429 (5th Cir. 2011) (citing *Puckett v. State*, 834 So. 2d 676, 677 (Miss. 2002)).

Next, Dickerson argues that the Court erred by not providing him an opportunity to address *Ronk*'s effect on his case. The Mississippi Supreme Court issued the *Ronk* decision on January 11, 2024, and this Court did not enter its opinion until February 26, 2024 – a month and a half later. Therefore, Dickerson could have sought leave to file a supplemental brief addressing *Ronk*, but he chose to not do so. At any rate, he has now had a chance to address *Ronk* in the instant motion, and this argument is moot.

Dickerson also argues that he has available state-court remedies despite *Ronk*, and that the Court should stay this case and give the Mississippi Supreme Court the first opportunity to address any uncertainty about whether it will hear his new claims. He contends that the Mississippi Supreme Court could fashion an equitable remedy for his particular situation. Of course, if the Court accepted that argument, it would wholly abrogate the doctrine of technical exhaustion, as a habeas petitioner could always argue that there was a slim chance a state court might fashion an equitable remedy tailored to his circumstances. In any case, the Court remains convinced that the Mississippi Supreme Court would find that Dickerson's new claims are barred, for the reasons provided in its previous opinion. *See Dickerson*, 2024 WL 779261, at *13-*14. Indeed, the Mississippi Supreme Court recently rejected another successive post-conviction petition in a capital case, citing *Ronk*. *See Hutto v. State*, --- So. 3d ---, 2024 WL 3733312, 2017-DR-1207-SCT (Miss. July 25, 2024).

Finally, Dickerson offers a cursory argument focused on factual development of his unexhausted claims. First, he contends the Court erred in its judgment that the new facts presented in support of Claims 1, 2, and 4 did not fundamentally alter the claims. The Court's previous opinion adequately addresses this topic, and the Court incorporates the analysis provided there. *See Dickerson*, 2024 WL 779261, at *8-*12, *14-*16, *17-*18.

Dickerson also faults the Court for purportedly denying funding for investigative and expert assistance. On September 23, 2021, Dickerson submitted a proposed budget [9].[1] Later, the parties filed various motions, including a Motion for Scheduling Order [12], Motion to Dismiss [13], Motion for Discovery [20], an updated proposed budget [26], and Motion to Stay and Abey [36]. The Court held a hearing on these motions on July 14, 2022. After hearing the parties' arguments, the Court took the Motion to Stay [36] under advisement, and it deemed the remaining motions moot and/or premature, denying them without prejudice [41].

Although the Court denied Dickerson's first proposed budget without prejudice, he never again sought funds for investigative or expert services. In the Court's Memorandum Opinion and Order [66] of February 26, 2024, it ordered Dickerson's counsel to submit a proposed budget *ex parte*. He did so on March 27, 2024, but the proposed budget [76] did not include funds for investigative or expert services. This Court approved the budget, finding it reasonable [77], and the Fifth Circuit also approved it [80]. The Court has also approved payment in full of the vouchers submitted by Dickerson's counsel for work performed before the budget's approval.

---

[1] The Court typically seals all budget-related orders and motions, conducting these aspects of a capital habeas case *ex parte* to protect the petitioner's attorney-client privilege. The only reason the Court is discussing these budget matters in a publicly available order is because Dickerson raised them in a publicly available motion. Still, the documents in question will remain sealed, and the Court will not discuss their specific contents.

5

Therefore, Dickerson's framing of this issue is misleading, at best. The Court found his initial budget proposals [9] [26], which included funds for investigative and expert services, and his Motion for Discovery [20] to be premature. When Dickerson submitted another budget proposal later, he did not request funds for investigative or expert services. He has not otherwise requested such funds or filed another motion for discovery, despite being free to do so. Therefore, this Court did not "hamstring" Dickerson's ability to develop claims,[2] as he argues in briefing.

Finally, Dickerson's arguments are all unavailing because *Tong v. Lumpkin*, 90 F.4th 857, 863 (5th Cir. 2024), forecloses a stay here. District courts have discretion to stay a habeas case and allow the petitioner to present unexhausted claims to the state court and later return to federal court for review of the perfected petition. *Rhines*, 544 U.S. at 274-79. But a stay is only available where "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Dickerson argued that his failure to exhaust is attributable to ineffective assistance provided by his post-conviction counsel. *See* [36], at 21. In *Tong*, the Fifth Circuit explicitly held that ineffective assistance of state post-conviction counsel does not constitute good cause for a *Rhines* stay. *Tong*, 90 F.4th at 863.

Dickerson argues that he should be permitted to file another motion to stay which addresses the intervening changes in applicable law, but he had an opportunity to address those issues in the instant motion. Dickerson also argues that the Southern District of Mississippi has granted stays in capital habeas cases, finding that ineffective assistance of post-conviction counsel constitutes good cause for failure to exhaust. But the cases he cited pre-date *Tong*, and this Court must follow Fifth Circuit precedent.

---

[2] To be clear, the Court presently makes no ruling as to whether discovery for such purposes is even permitted under AEDPA.

### III.   CONCLUSION

For all these reasons, the Court **denies** Dickerson's Motion for Reconsideration [68] of the Court's Memorandum Opinion and Order [66] denying his Motion to Stay and Abey [36].

THIS, the 30th day of October, 2024.

>             /s/ Taylor B. McNeel
> TAYLOR B. McNEEL
> UNITED STATES DISTRICT JUDGE